# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 10-222V
Filed: April 4, 2013

*************************************
MEGHAN WRIGHT,

               Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

               Respondent.

*************************************

NOT TO BE PUBLISHED

**Special Master Zane**

Interim attorneys' fees and costs;
Withdrawal of counsel; Protracted
proceedings; Undue hardship

---

## UNPUBLISHED DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

### I.    BACKGROUND

On April 12, 2010, Meghan Wright ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa-10, *et seq*.  Petitioner alleged she suffered, and continued to suffer from weakness, loss of muscle control, an onset of new allergies, and an exacerbation of her preexisting allergies as a result of receiving Human

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002).  All decisions of the Special Master will be disclosed and made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy.  When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure.  If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access.  42 U.S.C. § 300aa-12 (d) (4); Vaccine Rule 18 (b).  In the absence of a motion or should the Special Master disagree with the proposed redactions, the decision shall be disclosed in its entirety.

1

Papillomavirus ("HPV") vaccinations on April 13, 2007 and June 22, 2007. Petition at 1-2. Petitioner also alleged that bruising was either caused-in-fact by the HPV vaccinations or significantly aggravated by the vaccinations. Petition at 1. At the time the petition was filed, Petitioner was represented by Mark T. Sadaka. On June 7, 2010, Petitioner filed a statement of completion, indicating she believed all pertinent medical records had been filed. However, on September 7, 2010, Respondent filed a Rule 4 Report in which, *inter alia,* she identified a number of pertinent medical records that had not, as yet, been filed.

Between September 7, 2010 and February 1, 2013, Mr. Sadaka gathered additional medical records, filed an expert report and medical literature and participated in status conferences. Indeed, on December 19, 2012, while Mr. Sadaka was counsel, the undersigned set an entitlement hearing for June 12, 2013 and June 13, 2013 to be held in Washington, DC.

On January 11, 2013, Mr. Sadaka filed a status report informing the Court that he had lost contact with Petitioner. Subsequently, he filed his Motion for Interim Fees and Costs "[i]n anticipation of the forth-coming attorney substitution," in which he requested an award of $29,502.47 in interim attorneys' fees and costs. Petitioner's Motion for Interim Fees and Costs at 1-2. On February 1, 2013, Mr. Sadaka filed a Motion to Substitute Counsel of Record seeking to have attorney Andrew D. Downing substituted as Petitioner's counsel. On February 1, 2013, the undersigned granted Petitioner's Motion to Substitute Counsel of Record, and Mr. Sadaka ended his representation of Petitioner.

On March 7, 2013, Respondent responded to the Motion for Interim Fees and Costs. Respondent argued that it appeared that Petitioner's former counsel was seeking an award of interim fees solely due to his termination as counsel of record and that termination as counsel of record was not a justification for awarding fees on an interim basis. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs at 1-2. But, at the same time, Respondent did not object to an award in the amount of $25,000. This matter is now before the undersigned for a determination of the Motion for Interim Fees and Costs.

## II.    APPLICABLE LEGAL STANDARDS

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). This provision permits an award of fees even when a petitioner does not prevail. *Id.* In so doing, this provision ensures the existence of a competent bar willing to represent those potentially injured by vaccinations. *Saunders v. Sec'y of Health & Human Servs.,* 25 F.3d 1031, 1035-36 (Fed. Cir. 1994) (a secondary purpose of the Vaccine Act, to ensure that vaccine-injury claimants will have readily available a competent bar to prosecute their claims under the Act, is effected by permitting the award of attorneys' fees and costs both to prevailing and non-prevailing claimants).

When compensation is not awarded, reasonable fees can still be awarded as long as it is shown that the petition was filed in good faith and there was a reasonable basis for it. 42 U.S.C. § 300aa-15(e)(1); *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372, 1375 (Fed. Cir. 2010). Good faith requires only a subjective belief that a vaccine claim exists. A presumption of good faith is afforded petitioners in Vaccine Act cases. *See Grice v. Sec'y of Health & Human Servs.,* 36 Fed. Cl. 114, 121 (1996).

The Vaccine Act does not define what constitutes a reasonable basis, but case law provides guidance. In contrast to the subjective standard relating to the good faith requirement, the reasonable basis requirement is "objective, looking not at the likelihood of success of a claim but more to the feasibility of the claim." *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed. Cl. 297, 303 (2011), *citing DiRoma v. Sec'y of Health & Human Servs.*, No. 90-3277, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). A determination of reasonableness is appropriate at the various stages of the proceeding, and such determination is informed by looking to the totality of the circumstances. *McKellar,* 101 Fed. Cl. at 303. Although a claim may have had a reasonable basis at the time of its filing, the reasonableness of further pursuing the claim may come into question when new evidence becomes available or the lack of supporting evidence becomes apparent. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 33 (1992), *aff 'd,* 33 F.3d 1375 (Fed. Cir. 1994).

As to the timing of an award of fees, in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008), the United States Court of Appeals for the Federal Circuit explicitly recognized that the Vaccine Act permitted the award of attorneys' fees and costs on an interim basis. Following *Avera*, the Federal Circuit has clarified that an interim fee award may be made prior to a decision on entitlement. *Shaw,* 609 F.3d at 1374-75("A special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis.") (quoting *Avera* 515 F.3d at 1352).

In *Avera,* the Federal Circuit provided examples of circumstances where an interim fee award may be appropriate, such as when the case involved protracted legal proceedings, when costly experts had been retained, or when there was undue hardship. *Avera,* 515 F.3d at 1352; *see also McKellar*, 101 Fed. Cl. at 301 ("some special showing is necessary to warrant interim fees, including but not limited to delineated [*Avera*] factors . . . . "); Vaccine Rule 13(b). Since *Avera*, cases have clarified that an award of interim fees is in the special master's discretion and that there are various circumstances under which an interim award is appropriate. *See Crutchfield v. Sec'y of Health & Human Serv.,* No. 09-39V, 2011 WL 3806351, at *5-7 (Fed. Cl. Spec. Mstr. Aug. 4, 2011)(listing cases). One circumstance that has been recognized as appropriate for an award of interim fees is where a petitioner's attorney is withdrawing. *Woods v. Sec'y of Health & Human Servs.,* 105 Fed. Cl. 148, 154 (2012).

Once it is established that an award of fees is appropriate, the appropriate amount of fees, the "reasonable attorneys' fees," must be determined. 42 U.S.C. § 300aa-15. The determination of the amount of reasonable attorneys' fees is also in the special master's discretion. *Shaw,* 609 F.3d at 1377 (citing *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993)). In cases where there is no dispute as to the amount of fees claimed, generally Special Masters have awarded a petitioner's counsel that undisputed amount. *See e.g., Shaw,* 609 F.3d at 1377.

## III.  DISCUSSION

As explained below, Petitioner has satisfied the requirements for an award of interim fees.

### A.  Petitioner Has Acted in Good Faith and Has Established A Reasonable Basis for the Claim.

A review of the record as a whole indicates that the claim was brought in good faith and there was a reasonable basis for it.  With regard to good faith, it is clear that Petitioner has a subjective belief that the vaccination caused her injury.  Respondent has not challenged the presumption of good faith here, and the undersigned is satisfied that Petitioner filed this claim earnestly believing that she suffered a vaccine-related injury.

As to reasonable basis, the evidence indicates that the claim was and remains feasible, which Respondent has not challenged.  Indeed, Petitioner has submitted an expert report, which includes a medical opinion in support of her claim.

### B.  An Interim Fee Award is Appropriate Here.

Respondent objects to Petitioner's former counsel's application for interim attorneys' fees, arguing that the limited circumstances recognized in *Avera,* 515 F.3d at 1352, as being appropriate for the award of interim fees, *i.e.* protracted proceedings, significant expert costs or undue hardship, are not present in this case. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs at 2. Contrary to Respondent's argument, at least two such circumstances are present.

#### 1.  Protracted Proceedings

First, an award of interim fees is appropriate because these proceedings are protracted. These proceedings have been ongoing for almost three (3) years.  Although an entitlement hearing is scheduled to begin in a few months on June 12-13, 2013, it is unlikely that a decision on entitlement would be rendered in the next several months, pending the issuance of hearing transcripts and the filings of post-hearing briefs.  Given the length of time this action has already been pending and the length of time it is anticipated to remain pending, these proceedings are clearly protracted.

#### 2.  Undue Hardship

Additionally, there will be a significant undue hardship suffered, within the meaning of *Avera*, if Petitioner is forced to wait until Petitioner's claim is resolved before her former counsel is paid his fees.   As recognized by the Court in *Woods v. Sec'y of Health & Human Servs.,* 105 Fed. Cl. 148, 154 (2012), once counsel has withdrawn from a case, there is a hardship that warrants payment of interim fees by virtue of the fact that former counsel is unable to make any future filings, is limited ethically from further participation, may find it difficult to keep apprised

4

of the progress of the case and may not be able to anticipate when he will be paid. 105 Fed. Cl. at 154. As in *Woods,* it is a hardship for Petitioner to have her former counsel not be paid for his vigorous and diligent representation for a lengthy period of time after he no longer represents Petitioner.

The circumstances recognized in *Avera* as justifying an interim fee award—protracted proceedings and undue hardship—are present here. Payment of interim fees is justified.

### C. **The Amounts Requested Are Reasonable**.

Having determined that Petitioner's former counsel is entitled to fees, the amount that is reasonable must be determined. Respondent does not object to an award of $25,000.00. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs at 2.[2] The undersigned finds that the amount of $25,000.00 in attorneys' fees and costs, to which there is no objection, is reasonable based on this stage of the proceedings. Based on the request's reasonableness, the undersigned **GRANTS** the Petitioner's request for an award of interim fees incurred by her former counsel.

## IV.    CONCLUSION

For the reasons explained above, the undersigned finds that an award of interim attorneys' fees and costs to Mr. Sadaka is appropriate in this case. The decision shall reflect that Petitioner is awarded attorneys' fees and costs on an interim basis as follows:

**in a check made payable jointly to Petitioner (Meghan Wright) and Petitioner's former counsel (Mark T. Sadaka of the Law Offices of Sadaka Associates LLC), the amount of $25,000.00. The interim award check shall be mailed directly to Mark T. Sadaka, Esquire, Law Offices of Sadaka Associates LLC, 20 North Van Brunt Street, Suite 4, Englewood, New Jersey 07631.**

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Although Petitioner's Motion for Interim Fees and Costs originally requested the amount of $29,502.47 in attorneys' interim fees and costs, it is the undersigned's understanding that Mr. Sadaka agreed to reduce the amount to $25,000.00 as including both fees and costs. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs at 2.